The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with the modification of the period of plaintiffs disability.
 ***********
The Full Commission finds as fact and concludes as a matter of law the following which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act, defendant regularly employing three or more employees at all relevant times.
2. The employee-employer relationship existed between the plaintiff-employee and defendant-employer.
3. The employer is self-insured and the servicing agent is Key Risk Management Services, Inc.
4. The date of the alleged accident is March 12, 1998.
5. The parties agree to stipulate to all of the medical records of plaintiff and Industrial Commission Forms 18 and 19.
6. Plaintiffs average weekly wage is $255.55, yielding a compensation rate of $170.37.
7. The depositions of Dr. Steven K. Gudeman, Dr. Thomas Rhyne White and Rhonda Jane Hager are a part of the evidentiary record in this case.
 ***********
Based upon all evidence of record, the Full Commission adopts with modification the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. The plaintiff was 33 years old at the time of the hearing before the Deputy Commissioner. Plaintiff completed the twelfth grade and obtained both a two-year degree in commercial foods and management and her CNA license.
2. On Thursday, March 12, 1998, plaintiffs supervisor, Angela Waters instructed plaintiff to move her desk because her phone line was in the way of traffic, which passed through her office. Plaintiff picked up one end of her large, heavy, wooden desk and pushed it forward approximately five or six feet. Plaintiff felt a burning pain in her back while she was pushing the desk forward.
3. As plaintiff was leaving her shift on March 12, 1998, she reported to Angela Waters that she had injured her back moving the desk.
4. Prior to March 12, 1998, plaintiff had never had any difficulty with her back and had sought no medical treatment for her back. On March 12, 1998, plaintiff suffered an injury by accident arising out of and in the course and scope of her employment with defendant-employer.
5. Plaintiff returned to work on Friday, March 13, 1998, and worked all day while in pain. Plaintiff testified that she could not climb any stairs and that she spent some of the day sitting on the floor as a result of her back pain. Further, plaintiff testified that when Denise Rosenberry asked her what was wrong plaintiff informed her that plaintiff had hurt her back the day before moving a desk. Plaintiff also testified that she again reported to Angela Waters that plaintiffs back was still hurting as a result of moving the desk the previous day.
6. On Saturday morning, March 14, 1998, plaintiff awoke with severe back pain. Her back hurt so bad that she thought it was something similar to kidney stones.
7. On March 14, 1998, Dr. Cloninger saw plaintiff at the Nalle Clinic. Plaintiff presented with complaints of back pain down her right side and into her right leg. Dr. Cloninger diagnosed musculoskeletal pain and prescribed medication.
8. Plaintiff returned to work the following Monday and worked a full week with considerable back pain which prevented her from climbing stairs. Plaintiff further stated that she had placed medication, which was prescribed by Dr. Cloninger, on her desk, and that Becky Simpson saw it.
9. Plaintiff continued to work up until April 2, 1998. On that date she was told by Angela Waters that she had two weeks to find a job if she could not work until 5:00 p.m. When plaintiff was hired as a full-time employee, she was employed with the understanding that she would leave at 3:30 p.m. in the afternoon due to the serious and incurable illness of her child. Plaintiffs husband called in later on April 2, 1998 to inform plaintiffs employer that plaintiff had resigned from her position.
10. Plaintiff filed a workers compensation claim on April 8, 1998, alleging she injured her back moving a desk on March 12, 1998.
11. Plaintiff was seen again in the Nalle Clinic by Dr. White on April 6, 1998. At that time Dr. White notes that plaintiff states that two days prior to her visit on March 14, 1998, she was trying to push a very heavy desk at work and developed pain in her lower back. Dr. White referred plaintiff to physical therapy. On May 28, 1998, Dr. White scheduled an MRI after plaintiffs pain had not resolved.
12. On September 11, 1998, Dr. White wrote a "To Whom It May Concern letter stating that plaintiff was disabled. He did not state in his letter or in his testimony that plaintiff was disabled from work before September 11, 1998.
13. The MRI revealed a disc protrusion at L5-S1. On June 24, 1998, Dr. White referred plaintiff to Dr. Gudeman for a neurosurgical consultation. On June 25, 1998, Dr. Gudeman recommended a lumbar microdisckectomy at L5-S1, which was performed on July 29, 1998, by Dr. Gudeman.
14. Dr. Gudeman is of the opinion that plaintiff was disabled from any employment from the first time he saw her on June 24, 1998, until February 8, 1999, when he released her at maximum medical improvement with a ten percent (10%) disability rating to her spine. He did not give her any permanent work restrictions. Dr. Gudeman is of the opinion that before plaintiff returns to work she should undergo a functional capacity evaluation.
15. Both Dr. Gudeman and Dr. White are of the opinion that the incident on March 12, 1998, as described by plaintiff could or might have caused the herniated disk in her spine for which she had surgery. Therefore, plaintiffs back condition and resulting surgery on July 29, 1998 are causally related to her March 12, 1998 injury by accident.
16. The greater weight of the evidence indicates that plaintiff was incapable of earning the same or greater wages in any employment from June 24, 1998 and continuing until plaintiff reached maximum medical improvement on February 8, 1999 and was released without permanent restrictions.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. On March 12, 1998, plaintiff sustained an injury by accident to her back, which arose out of and in the course of her employment with defendant. N.C. Gen. Stat. 97-2(6).
2. As a result of her compensable injury by accident, plaintiff is entitled to temporary total disability compensation at the rate of $170.37 per week from 24 June 1998 until February 8, 1999 subject to a reasonable attorneys fee. N.C. Gen. Stat. 97-29 and Hilliardv. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982).
3. As a result of her compensable injury by accident, plaintiff is entitled to permanent partial disability compensation for the ten percent rating to her back at the rate of $170.37 per week for 30 weeks beginning February 8, 1999. N.C. Gen. Stat. 97-31.
4. Subject to the limitations of N.C. Gen. Stat. 97-25.1, plaintiff is entitled to have defendant pay for all reasonably necessary medical treatment that are related to her compensable back injury of 12 March 1998 so long as such treatment may reasonably be required to effect a cure, give relief and will tend to lessen plaintiffs disability. N.C. Gen. Stat. 97-25.1 and N.C. Gen. Stat.97-25.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission adopts with modification the holding of the Deputy Commissioner and enters the following
 AWARD
1. Defendant shall pay plaintiff for her temporary total disability at the rate of $170.37 per week from 24 June 1998 until February 8, 1999 subject to a reasonable attorneys fee. This amount, which has accrued, shall be paid in a lump sum subject to a reasonable attorneys fee as defined in Paragraph 4 of this Award.
2. Defendant shall pay plaintiff permanent partial disability compensation for the ten percent rating to her back at the rate of $170.37 per week for 30 weeks beginning February 8, 1999. This amount, which has accrued, shall be paid in a lump sum subject to a reasonable attorneys fee as defined in Paragraph 4 of this Award.
3. Subject to the limitations of N.C. Gen. Stat. 97-25.1, defendant shall pay all reasonable necessary medical expenses incurred or to be incurred that are related to plaintiffs compensable injury by accident so long as such treatment may reasonably be required to effect a cure, give relief and will tend to lessen plaintiffs disability.
4. A reasonable attorneys fee in the amount of twenty-five percent (25%) of the compensation benefits due under Paragraphs 1 and 2 of this Award is approved for plaintiffs counsel, and shall be paid as follows: twenty five percent (25%) of lump sum due plaintiff under Paragraphs 1 and 2 of this award shall be deducted from that sum and paid directly to plaintiffs counsel.
5. Defendant shall bear the costs.
This the ___ day of August 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER